UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IRC, LP,

    Plaintiff,

v.

MICHAEL P. MCLEAN,

    Defendant.

Case No. 09-cv-189-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff IRC's Emergency Motion for Temporary Restraining Order (Doc. 4). For the following reasons, the Court DENIES the Motion.

## BACKGROUND

The following facts are taken from the Plaintiff's Verified Complaint. Plaintiff does business as the Penthouse Club, an adult nightclub in Sauget, Illinois. On or about November 15, 2004, Plaintiff hired Defendant Michael P. McLean to be Director of the Penthouse Club. On November 15, 2004, McLean signed a Non-Disclosure and Non-Compete Agreement, in which McLean agreed that upon the termination of his employment with Plaintiff he would not consult nor become employed with any other adult nightclub within a twenty-five mile radius of the Penthouse Club. Additionally, McLean agreed that during and after his employment with Plaintiff he would not disclose Plaintiff's trade secrets, confidential information, or other proprietary data. McLean also agreed that immediately on termination of his employment with Plaintiff he would return all documents and property of the company.

As Director of the Penthouse Club, McLean's responsibilities included being in charge of the Club's VIP Room, a members-only portion of the Club. Membership dues to the VIP Room range between $1000 and $1500 per year plus a $1000 initiation fee. The VIP Room has

approximately 150 members each year. Plaintiff, through employees like McLean, have worked extensively to determine the preferences and spending habits of VIP Room members in order to attract and retain members. Many members have continually renewed their annual membership since the inception of the VIP Room in 2001. In his capacity as Director, McLean was privy to the list of members of the VIP Room, as well as the customer information on each member.

McLean also had access to the real names and contact information of VIP Room entertainers. Such information is a closely guarded secret in the adult nightclub industry, as the entertainers are often the primary reason why members join the VIP Room. In addition to the entertainers's contact information, McLean also gleaned knowledge of the entertainers's preferences in music, costumes and other working conditions. In addition, McLean was privy to Plaintiff's past and future promotional plans, and received training on ways to cultivate client relationships and on tactical defensive techniques.

On February 9, 2009, Plaintiff terminated McLean's employment after McLean punched a guest, in violation of Plaintiff's express policies. McLean then accepted employment with Hollywood Showclub, an adult nightclub within 25 miles of the Penthouse Club. McLean took to his new employment the information in his possession on Plaintiff's VIP Club members, entertainers, and promotional plans as well as all the training he had received. On February 25, 2009, Plaintiff's counsel sent a letter to McLean reminding him of his obligations under the Non-Disclosure and Non-Compete Agreement and giving him until March 2, 2009 to offer his written assurances that he would comply with the terms of the Agreement. McLean did not respond to the letter. On March 10, 2009, Plaintiff filed a three-count verified complaint against McLean and the instant Emergency Motion for Temporary Restraining Order.

## ANALYSIS

Federal Rule of Civil Procedure 65(b)(2) governs the issuance of temporary restraining orders. The Rule specifies that such an order may only issue if :

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(2).

The instant Motion fails to meet either requirement. First, the facts alleged in the Verified Complaint do not clearly show that Plaintiff will suffer an immediate and irreparable injury, loss, or damage before McLean can be heard in opposition. Indeed, Plaintiff's own actions indicate that such is not the case. Plaintiff's counsel gave McLean five days to reply to the letter asking for assurances, then waited another seven days after the expiration of the deadline in the letter before filing the instant suit. Clearly, then, Plaintiff has not acted as if it believes it is facing immediate and irreparable injury. Additionally, Plaintiff's attorney has not certified in writing any efforts made to give notice to McLean and the reasons why notice should not be required. Therefore, the requirements for the issuance of a temporary restraining order have not been met. However, the Court will set this matter for a hearing on whether a preliminary injunction should enter after Defendant has been served notice of the complaint against him.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Emergency Motion for Temporary

Restraining Order (Doc. 4).

**IT IS SO ORDERED.**
**DATED: March 11, 2009**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**