UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IRC, LP,<br><br>      Plaintiff,<br><br>      v.<br><br>MICHAEL P. MCLEAN,<br><br>      Defendant. | Case No. 09-cv-189-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff IRC's Motion for Reconsideration of the Court's Ruling on Plaintiff's Motion for Temporary Restraining Order (Doc. 9).

Although the Federal Rules of Civil Procedure contain express provisions governing reconsideration of final orders and judgments, reconsideration of interlocutory decisions "is a matter of a district court's inherent power." *Koelling v. Livesay*, 239 F.R.D. 517, 519 (S.D. Ill. 2006). *See also Canon U.S.A, Inc. v. Nippon Liner Sys., Ltd.*, No. 90C 7350, 1992 WL 137406, at *1 (N.D. Ill. June 2, 1992); *Giguere v. Vulcan Materials Co.*, No. 87 C 7043, 1988 WL 107387, at *4 (N.D. Ill. Oct. 13, 1988). Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Zurich Capital Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (quoting *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)). Reconsideration of an interlocutory order may be granted where: "the court has misunderstood a party; the court has made a decision outside the adversarial issues presented to the court by the parties; the court has made an error of apprehension (not of reasoning); a significant change in the law has occurred; or significant new facts have been discovered." *Wilson v. Cahokia Sch. Dist. # 187*, 470 F. Supp. 2d 897, 913 (S.D. Ill. 2007) (collecting cases).

Reconsideration of an interlocutory order is committed to a court's sound discretion. *See Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1074 (S.D. Ill. 2006); *IMI Norgren, Inc. v. D & D Tooling & Mfg., Inc.*, No. 00 C 5789, 2003 WL 40499, at *2 (N.D. Ill. Jan. 6, 2003); *Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). Further, "[m]otions for reconsideration generally are not encouraged." *Johnson v. City of Kankakee*, No. 04-2009, 2007 WL 1431874, at *1 (C.D. Ill. May 11, 2007) (quoting *Wilson*, 470 F. Supp. 2d at 913). *See also Automatic Liquid Packaging, Inc. v. Dominik*, No. 86 C 5595, 1987 WL 26149, at *1 (N.D. Ill. Dec. 2, 1987). This is because, "[i]n general, a district court's rulings 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure,' and 'ill-founded requests for reconsideration of matters previously decided . . . needlessly take the court's attention from current matters and visit inequity upon opponents who, prevailing in an earlier proceeding, must nevertheless defend their position again and again.'" *Harrisonville Tel. Co.*, 472 F. Supp. 2d at 1074 (quoting *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002)). *See also Asllani v. Board of Educ. of City of Chicago*, 845 F. Supp. 1209, 1226 (N.D. Ill. 1993) (noting that, as a rule, motions for reconsideration "do nothing but express dissatisfaction with a prior ruling and ask the court to change its mind").

Plaintiff argues that the Court misinterpreted its Motion because the Court construed the Motion as a request for a temporary restraining order without notice, but Plaintiff had intended to notify Defendant of a hearing on the motion, assuming the Court were to set one. As an initial matter, Plaintiff's motion asked for entry of a temporary restraining order. Plaintiff had not given Defendant notice of the motion. Therefore, the Court applied the standard of Rule

2

65(b)(1).

Furthermore, Plaintiff's argument that its Verified Complaint clearly shows that it will suffer an immediate loss if a temporary restraining order does not enter is merely a rehashing of arguments already considered and rejected by the Court. It is simply not clear that Plaintiff stands to suffer anything more than an economic injury capable of full compensation in an action at law. The Court will allow Plaintiff to present evidence and arguments to show otherwise in an adversarial hearing on a motion for a preliminary injunction, but will not issue a temporary restraining order at this juncture. The Court DENIES Plaintiff's Motion for Reconsideration (Doc. 9).

**IT IS SO ORDERED.**
**DATED: March 16, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**