IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IRC, LP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. **09-189 - JPG-CJP** |
| MICHAEL P. McLEAN, | ) ) ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge**:

Before the court is Plaintiff's Motion for Expedited Discovery. **(Doc. 14)**. The motion was filed on March 20, 2009, before defense counsel entered. Plaintiff filed a supplement to the motion at **Doc. 16.** The certificates of service indicates that copies were served by certified mail on defendant McLean at his home. Defense counsel filed entries of appearance on March 30, 2009. **(Docs. 17 & 18)**.

Plaintiff is suing defendant for breach of an employment agreement. Plaintiff seeks injunctive relief as well as money damages. According to the complaint, plaintiff IRC, LP, does business as the Penthouse Club, which it describes as "an adult showclub." Defendant McLean was employed as the director of the Penthouse Club. He signed an employment agreement in which he agreed that, for a period of one year following the termination of his employment with plaintiff, he would not consult with or become employed by another adult showclub within a 25 mile radius of any of plaintiff's clubs. The agreement also provided that defendant would not disclose plaintiff's trade secrets, confidential information, or other proprietary data, and that he would return all documents and property of the club. Plaintiff further alleges that McLean's

1

employment was terminated on February 9, 2009, and that McLean then took a job with Hollywood Showclub, in violation of his employment agreement.

Plaintiff moved for a temporary restraining order, which was denied by Judge Gilbert because "the facts alleged in the Verified Complaint do not clearly show that Plaintiff will suffer an immediate and irreparable injury, loss, or damage before McLean can be heard in opposition." In addition, plaintiff's attorney had not certified the efforts made to give notice to defendant, and the reasons why notice should not be required, as required by Fed.R.Civ.P. 65(b)(2). **See, Doc.7.**

Plaintiff then filed a Motion for Preliminary Injunction, **Doc. 11.** Judge Gilbert has set that motion for hearing on April 7, 2009.

In the instant motion, plaintiff seeks leave to serve written discovery requests on defendant and to depose defendant on an expedited basis, before the hearing on the motion for injunction. As grounds, plaintiff states that "there are several issues relating to the extent of Defendant's violation of his duties owed to Plaintiff and the amount of damages Plaintiff has sustained as a result of the alleged violations." **Doc. 14, ¶3**.

Plaintiff has not submitted a proposed order, as required by this District's Local Rules (SDIL-LR 71.(a)), and as set forth in the CM/ECF User's Manual, ¶2.10, available on the District's website. The motion itself is vague as to the nature of the discovery that plaintiff seeks.

The usual rule is that the parties may not engage in discovery until they have held a Rule 26(f) conference. Fed.R.Civ.P. 26(d)(1). The court may, of course, order that discovery be expedited, and the Advisory Committee Notes (1993 Amendments) to Rule 26 suggest that it may be appropriate to order expedited discovery where there is a request for a preliminary

injunction.  See also, Rule 30(a)(2).

Because expedited discovery is not the norm, the party who seeks such discovery must first demonstrate that there is a need for such discovery.  **See,** ***Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor***, **194 F.R.D. 618, 623 (N.D.Ill., 2000).**  No such showing has been made here.  The vague grounds set forth in the motion are not persuasive.  The factors cited in the motion, i.e., uncertainly as to the extent of defendant's breach and the amount of damages suffered by plaintiff, go to the issue of damages.  However, the amount of damages will not be decided by the court on the motion for preliminary injunction.  Plaintiff has not advanced a valid reason why defendant should be required to respond to written discovery or to appear for a deposition before the hearing on the motion for preliminary injunction.

For the foregoing reasons, Plaintiff's Motion for Expedited Discovery **(Doc. 14)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  March 31, 2009.**

                                           **s/ Clifford J. Proud**
                                           **CLIFFORD J. PROUD**
                                           **UNITED STATES MAGISTRATE JUDGE**